UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PSAHAY N. MARSHALL,<br><br>                        Plaintiff,<br><br>v.<br><br>MANUFACTURERS TRADERS AND TRUST COMPANY a/k/a M&T BANK, and<br><br>CENTRAL LOAN ADMINISTRATION AND REPORTING a/k/a CENLAR, and<br><br>HOMEBRIDGE FINANCIAL SERVICE INC a/k/a HOMEBRIDGE<br><br>                        Defendants. | Case No. 2:20-cv-19421 |

**BRIEF IN SUPPORT OF
DEFENDANT M&T BANK'S
<u>MOTION TO DISMISS THE COMPLAINT</u>**

Polsinelli PC
Morgan C. Fiander
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
mfiander@polsinelli.com

*Attorneys for Defendants
M&T Bank*

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................. 1

STATEMENT OF FACTS .................................................................................... 2

LEGAL STANDARD ........................................................................................... 3

ARGUMENT ........................................................................................................ 4

I.     PLAINTIFF'S GROUP PLEADING IS FATAL TO THE COMPLAINT AND DOES NOT SATISFY THE PLEADING STANDARD OF RULE 8(a) ............................................................................................................ 4

II.    COUNT ONE FAILS TO STATE A CLAIM UNDER RULE 12(b)(6) AND FAILS TO MEET THE HEIGHTENED STANDARD OF RULE 9(b) ............................................................................................................ 6

       A.    Plaintiff's tort claims are barred by the Economic Loss Doctrine ............. 6

       B.    Plaintiff fails to state a claim for negligence and/or reckless indifference and/or intentional misrepresentation ...................................... 7

       C.    Count One sounds in fraud and fails to meet the heightened pleading standard under Rule 9(b) ............................................................................ 8

III.   COUNT TWO FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT OR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING ................................................................................................ 9

       A.    Plaintiff failed to allege that M&T Bank breached the Modification Agreement .................................................................................................. 9

       B.    Plaintiff's claim for breach of the covenant of good faith and fair dealing is based only in an alleged contract violation and therefore fails to state a claim ................................................................................... 10

IV.   COUNT THREE FAILS TO STATE A CLAIM FOR FRAUD INCLUDING UNDER THE CFA, AND FAILS TO MEET THE RULE 9(b) STANDARD ............................................................................................ 11

       A.    Plaintiff's common law fraud claim arises out of a contract and is barred by the Economic Loss Doctrine .................................................... 11

       B.    Plaintiff fails to state a claim for fraud or violation of the CFA under Rule 12(b)(6) ............................................................................................ 12

      C.     Count Three fails to meet the heightened pleading standard for fraud under Rule 9(b) ...................................................................................... 13

V.     PLAINTIFF FAILS TO STATE A CLAIM UNDER TILA AND RESPA......... 14

      A.     Plaintiff fails to state a claim under TILA against M&T.......................... 14

      B.     Plaintiff has not sufficiently pled any RESPA claim against M&T Bank ............................................................................................................. 15

CONCLUSION................................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Accurate Abstracts, LLC v. Havas Edge, LLC*,
  2015 WL 5996931 (2015)...................................................................................................10

*Angrisani v. Capital Access Network, Inc.*,
  175 Fed.App'x 554 (3d Cir. 2006).....................................................................................13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................................................15

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................................................3, 7

*Boyko v. American Intern. Group, Inc.*,
  2009 WL 5194425 (D.N.J. 2009) ...............................................................................4, 8, 12

*Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*,
  226 F.Supp.2d 557 (D.N.J. 2002) ........................................................................................6

*D'Addario v. Johnson & Johnson*,
  Slip Copy 2020 WL 3546750 (D.N.J. 2020) ........................................................................5

*Davis v. Fein Such Kahn & Shepard PC*,
  2020 WL 3481782 (D.N.J. 2020) ...............................................................................4, 9, 13

*Feingold v. Graff*,
  516 F.App'x 223 (3d Cir. 2013) ................................................................................4, 9, 13

*Gray v. Bayer Corp.*,
  2009 WL 1617930 (D.N.J. 2009) .....................................................................................4, 13

*Grembowiec v. Select Portfolio Servicing, Inc.*,
  2019 Wl 3183588 (D.N.J. 2019).........................................................................................17

*Griesberg v. Boston Scientific Corporation*,
  2020 WL 4435409 (D.N.J. 2020) .......................................................................................3, 4

*Herrera v. Central Loan Administration & Reporting*,
  2017 WL 4548268 (D.N.J. 2017) .......................................................................................16

*Kare Distribution, Inc. v. Jam Labels & Cards LLC*,
  2012 WL 266386 (D.N.J. 2012) .........................................................................................11

iii

*Kasolas v. Urban Trust Bank*,
  2013 WL 323380 (D.N.J. 2013) ..................................................................15

*Lightning Lube Inc. v. Witco Corp.*,
  4 F.3d 1153 (3d Cir. 1993)...........................................................................13

*Lum v. Bank of America*,
  361 F.3d 217 (3d Cir. 2004)...........................................................................8

*Luongo v. Village Supermarket, Inc.*,
  261 F.Sulpp.3d 520, 531 (D.N.J. 2017) ......................................................10

*Medcalf v. Trustees of University of Pennsylvania*,
  71 Fed.App'x 924 (3d Cir. 2003)....................................................................7

*Montclair State University v. Oracle USA, Inc.*,
  2012 WL 3647427 (D.N.J. 2012) ............................................................6, 11

*Oswell v. Morgan Stanley Dean Witter & Co., Inc.*,
  2007 WL 1756027 (D.N.J. 2007) ..................................................................9

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
  311 F.3d 198 (3d Cir. 2002)...........................................................................4

*Schepisi v. Santander Bank, N.A.*,
  2019 WL 699959 (D.N.J. 2019) .............................................................16, 17

*Shaw v. Housing Auth. Of Camden*,
  2012 WL 3283402 (D.N.J. 2012) ..................................................................5

*Sheeran v. Blyth Shipholding S.A.*,
  2015 WL 9048979 (D.N.J. 2015) ..................................................................5

*State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*,
  646 F.Supp.2d 668 (D.N.J. 2009) ..................................................................6

*Taggart v. Wells Fargo Home Mortg., Inc.*,
  563 Fed.App'x 889 (3d Cir. 2014)..................................................................8

*Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*,
  275 F.Supp.2d 543 (D.N.J. 2003) ..................................................................9

**Statutes**

12 U.S.C. § 2605(e)(1)(B)(ii) ...................................................................................16

12 U.S.C. § 2614 .......................................................................................................15

15 U.S.C. §§ 1639(f) and 1638(f) ...........................................................................14

15 U.S.C. § 1639f(a) ................................................................................................14

16 U.S.C Sec 1640(a) ...............................................................................................17

12 USC Sec 2605(g) .................................................................................................17

New Jersey Consumer Fraud Act ...............................................................................3

Real Estate Settlement and Procedures Act .............................................................17

RESPA .................................................................................................14, 15, 17, 18

RESPA Section 2605(e)–(g) ....................................................................................15

Truth-in-Lending Act and Real Estate Settlement and Procedures Act ......................3

**Other Authorities**

12 CFR Section 1024.41 ......................................................................................16, 17

Federal Rules of Civil Procedure Rule 9(b).............................................................1, 4

Federal Rules of Civil Procedure Rule 12(b)(6) ..........................................................1

Rule 8 ..........................................................................................................................5

RULE 8(a)...........................................................................................................4, 5, 18

Rule 9(b) ............................................................................................................ *passim*

Rule 12(b)(6)...................................................................................................... *passim*

Defendant Manufacturers Trade and Trust Company a/k/a M&T Bank ("**M&T Bank**"), by its attorneys, Polsinelli PC, hereby moves to dismiss the Complaint of Plaintiff Psahay N. Marshall ("**Plaintiff**") on the grounds that, under Federal Rules of Civil Procedure Rule 12(b)(6), Plaintiff has failed to state a claim upon which relief can be granted, and under Federal Rules of Civil Procedure Rule 9(b), Plaintiff has failed to meet the heightened pleading standard for claims sounding in fraud.

## INTRODUCTION

Plaintiff brought this action against M&T Bank and co-defendants Homebridge Financial Services, Inc. and Cenlar, FSB, making a variety of unfounded, confusing allegations against all Defendants. It is hardly clear from the Complaint what exactly Plaintiff thinks was done by any, and each, or all Defendants. Plaintiff claims her Modification Agreement (as defined below) was not properly implemented by all Defendants, yet does not actually allege that M&T Bank had any role in the implementation or servicing of the Modification Agreement. Plaintiff lists out a number of statutory provisions and baldly claims they were all violated, but does not and cannot point to a single fact to support these claims. The Complaint is devoid of specific factual allegations and relies instead on Plaintiff's self-serving conclusions. Not only does each cause of action fail to state a claim upon which relief can be granted, but the claims sounding in fraud also wholly fail to meet the heightened standard for pleading such claims. For the reasons detailed herein, M&T Bank respectfully submits that the Complaint should be dismissed against it in its entirety.

## **STATEMENT OF FACTS**[1]

Plaintiff is a party to a "certain Note/Mortgage, also alleged to have been secured by her residence." [Complaint ("**Compl.**"), ¶ 2A.] Plaintiff defaulted on her loan and foreclosure proceedings were forthcoming. [Compl. ¶ 2A.] Plaintiff alleges she "advised the Defendants of her intentions to pursue Loss Mitigation by way of a Loan Modification Application." [Compl. ¶ 2B.] Unspecified "Defendants" then allegedly assisted Plaintiff in the loss mitigation process, which resulted in a formal Loan Modification Agreement, dated as of June 12, 2018, between Plaintiff and M&T Bank (the "**Modification Agreement**"). [Compl. ¶¶ 2C–2E, Exhibit A thereto.] According to Exhibit B to the Complaint, Homebridge and/or Cenlar sent invoices and collected payments at some point following the Modification Agreement.

Plaintiff asserts that "Defendants refused to implement, process and apply the terms of the Modification [Agreement]" by failing to properly modify the outstanding principal balance and the periodic billing. [Compl. ¶ 2G.] Plaintiff claims she attempted to comply with her obligations after executing the Modification Agreement and that "Defendants did wrongfully and illegally, fail to properly debit the Plaintiff's account" after the Modification Agreement. [Compl. ¶ 2K.]

Plaintiff generally alleges that Defendants violated the Modification Agreement, improperly serviced her account, improperly applied payments, caused inaccurate credit reporting, did not correct her account following alleged requests and demands to investigate, and did not properly assist her through loss mitigation. [Compl. ¶¶ 2L–2R.]

Plaintiff goes on to quote or cite a variety of federal statutes and regulations that Plaintiff baldly asserts that "Defendants" violated. Frankly, there are no other factual allegations in the

---

[1] For purposes of this Motion to Dismiss, the facts are taken from the Complaint. Nothing herein should be deemed an admission by M&T Bank of any factual allegation contained in the Complaint.

Complaint. Plaintiff relies on self-serving conclusions of law, citing verbatim to various statutes and regulations but providing no factual support for her claims that M&T Bank violated any of these authorities. In fact, Plaintiff does not ever specify M&T Bank by name other than when identifying the parties to the Modification Agreement. Put plainly, Plaintiff never directly alleges any wrongdoing by M&T Bank in the Complaint. Plaintiff, nevertheless, brought four counts against M&T Bank: (1) common law negligence and/or reckless indifference and/or intentional misrepresentation ("**Count One**"); (2) breach of contract and breach of covenants of good faith and fair dealing ("**Count Two**"); (3) common law fraud and/or violation of the New Jersey Consumer Fraud Act ("**Count Three**"); and (4) violations of the Truth-in-Lending Act and Real Estate Settlement and Procedures Act ("**Count Four**"). For the reasons discussed in detail below, the Complaint and each count therein should be dismissed against M&T Bank for failing to state a claim upon which relief can be granted and, where applicable, for failing to meet the heightened pleading standard required for claims sounding in fraud.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint "must contain sufficient factual matter to state a claim that is plausible on its face." *Griesberg v. Boston Scientific Corporation*, 2020 WL 4435409, *2 (D.N.J. 2020). In evaluating a motion to dismiss under Rule 12(b)(6), courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further the pleading must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action . . . . ." *Id.* Courts "must separate the

3

factual and legal elements" of the complaint when evaluating in the context of a motion to dismiss. *Griesberg*, *2 (*citing Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009)).

In alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." F.R.C.P. Rule 9(b). "A party alleging fraud must therefore support its allegations with factual details such as 'the who, what, when, where and how of the events at issue.'" *Davis v. Fein Such Kahn & Shepard PC*, 2020 WL 3481782, *4 (D.N.J. 2020) (*quoting U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fishers, LLC*, 812 F.3d 294, 307 (3d Cir. 2016)). The standard imposed by Rule 9(b) is independent of the standard applicable to Rule 12(b)(6) motions. *See, In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). "To satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" *Feingold v. Graff*, 516 F.App'x 223, 226 (3d Cir. 2013) (*quoting Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). Further, in determining whether to apply the standard in Rule 9(b), the test is whether the particular claim alleged sounds in fraud, even if a plaintiff alleges claims that do not traditionally involve fraud, or which plaintiff claims are not based in fraud. *See Gray v. Bayer Corp.*, 2009 WL 1617930, *2–3 (D.N.J. 2009); *Boyko v. American Intern. Group, Inc.*, 2009 WL 5194425 (D.N.J. 2009).

## ARGUMENT

### I.    PLAINTIFF'S GROUP PLEADING IS FATAL TO THE COMPLAINT AND DOES NOT SATISFY THE PLEADING STANDARD OF RULE 8(a).

Plaintiff's Complaint is replete with group pleading, i.e. referring to all three unrelated, distinct Defendants, together as one. The only instances where Plaintiff refers to any Defendant by its name are in Part 1, Paragraphs B, C, and D, which simply state the names and addresses of each Defendant, and in Part 2, Paragraph E when Plaintiff identifies that M&T Bank was a party to the

Modification Agreement. [Compl. ¶¶ 1B–D, 2E.] There are <u>zero</u> other references to any defendant in its own capacity, by its own name. The Complaint contains next to no factual allegations specific to any particular defendant, other than Paragraph 2E. Rather, Plaintiff's Complaint alleges in broad strokes a variety of alleged misconduct by "Defendants", but does not specify which defendant is allegedly liable for what conduct. "Courts in this district generally agree that this type of 'group pleading' does not satisfy Rule 8, because it does not place Defendants on notice of the claims against each of them." *Sheeran v. Blyth Shipholding S.A.*, 2015 WL 9048979, *3 (D.N.J. 2015). This "lack of well-pleaded facts does not allow the Court 'to draw the reasonable inference that [each] defendant is liable for the misconduct alleged.'" *D'Addario v. Johnson & Johnson*, Slip Copy, 2020 WL 3546750, * 6 (D.N.J. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." *Shaw v. Housing Auth. Of Camden*, 2012 WL 3283402, *2 (D.N.J. 2012) (citing *Pietrangelo v. NUI Corp.*, 2005 WL 1703200 (D.N.J. 2005)).

In *Sheeran*, the Court dismissed the complaint because it "fails to separate out the liability for each defendant" and instead, "lumps Defendants together as a group and asserts general common factual allegations against all of them." *Sheeran*, 2015 Wl 9048979, *3.  Here, other than asserting that M&T Bank was a party to the Modification Agreement, Plaintiff provides zero factual allegations specific to any particular defendant and every reference to any defendant is, in fact, a reference to "Defendants." Plaintiff does not separate out liability or factual allegations as to each defendant. As such, it is impossible for M&T Bank to know in what conduct it is alleged to have engaged and, therefore, to adequately defend itself against any such allegations. For these reasons alone, the Complaint should be dismissed.

## II.   COUNT ONE FAILS TO STATE A CLAIM UNDER RULE 12(b)(6) AND FAILS TO MEET THE HEIGHTENED STANDARD OF RULE 9(b).

In addition to the points above, Count One fails to state a claim against M&T Bank and fails to meet the heightened pleading standard for the claims sounding in fraud.

### A.   Plaintiff's tort claims are barred by the Economic Loss Doctrine.

Plaintiff's tort claims for "Negligence and/or Reckless Indifference and/or Intentional Misrepresentation" [Compl. Count One, Heading] all arise out of a contract, the Modification Agreement. [Compl. Count One ¶ 2–4.] They are thus all barred under the economic loss doctrine. Under New Jersey law, a party typically may not recover in tort for damages caused by an alleged breach of contract. *Montclair State University v. Oracle USA, Inc.*, 2012 WL 3647427, *4 (D.N.J. 2012). "The economic loss doctrine 'prohibits [a party] from recovering in tort economic losses to which their entitlement only flows from a contract.'" *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F.Supp.2d 557, 562 (D.N.J. 2002) (*quoting Duquesne Light Co. v. Westinghouse Elec. Co.*, 66 F.3d 604, 618 (3d Cir. 1995)). "The economic loss rule 'defines the boundary between the overlapping theories of tort law and contract law by barring the recovery of purely economic loss in tort, particularly in strict liability and negligence cases.'" *Id.* (*quoting Dean v. Barrett Homes, Inc.*, 406 N.J.Super. 453, 470 (App. Div. 2009) (*rev'd on other grounds*, 200 N.J. 207 (2009))). A tort claim may only be asserted alongside a breach of contract claim if the tortious conduct alleged is "extrinsic" to the contract. *State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F.Supp.2d 668, 676 (D.N.J. 2009). "In other words, 'an act that is in breach of a specific contractual undertaking would not be extrinsic" to the contract. *Montclair*, 2012 WL 3647427, *5 (*quoting Emerson Radio Corp. v. Orion Sales, Inc.*, 2000 WL 49361 (D.N.J. 2000)).

Here, Plaintiff does not allege any duty or tortious conduct extrinsic to the Modification agreement. Indeed, Plaintiff *specifically* alleges these torts were "[i]n violation of said

[Modification Agreement] . . . .” [Compl. Count One, ¶ 2A.] Because Plaintiff's tort claims arise solely and completely from a contract, they are barred by the economic loss rule and should be dismissed without leave to amend.

**B.   Plaintiff fails to state a claim for negligence and/or reckless indifference and/or intentional misrepresentation.**

Even if the tort claims are not barred by the economic loss doctrine, which M&T Bank maintains they are, Plaintiff has still wholly failed to plead any of the tort claims in line with the minimum requirements of law. To state a claim for negligence, a plaintiff must plead four elements: (1) the defendant owed the plaintiff a duty of care; (2) breach of that duty; (3) proximate cause; and (4) damages. Plaintiff fails to plead any of these elements as to M&T Bank. Plaintiff's group pleading, as detailed above, renders it impossible to determine what duty was allegedly owed by whom to whom. Plaintiff cannot even decide which of these three claims she means to accuse any party of—the repeated use of “and/or” is a clear indication that Plaintiff is grasping at straws and herself is not even sure what she is alleging or against whom.

Plaintiff's sweeping, conclusory allegations that “Defendants” acted “negligently, carelessly, reckless and/or intentionally” fall woefully short of the *Twombly* standard for pleading a claim. Each of those allegations carries with it a specific standard for pleading, which are not interchangeable and which frankly are not discernable whatsoever in the Complaint. The group pleading further muddies the water.

Nor has Plaintiff even attempted to plead reckless indifference. Such a claim requires a pleading that M&T Bank knew or had reason to know of facts which created a high degree of risk of harm to her and deliberately proceeded to act, or failed to act, in conscious disregard of or indifference to that risk. *See, Medcalf v. Trustees of University of Pennsylvania*, 71 Fed.App'x 924, 932 (3d Cir. 2003).

A claim for intentional misrepresentation is one for fraud. *See*, *Boyko*, 2009 WL 5194425 (citing *Jewish Ctr. of Sussex County v. Whale*, 86 N.J. 619 (1981)). A plaintiff must allege what party made the alleged misrepresentation, to whom it was made, and the general content of that misrepresentation. *Lum v. Bank of America*, 361 F.3d 217, 224 (3d Cir. 2004). Plaintiff wholly fails to plead this claim. Plaintiff does not allege that M&T Bank made any representation, to whom it was made, or any general content of any such alleged misrepresentation.

Consequently, Plaintiff fails to state a claim for negligence and/or reckless indifference and/or intentional misrepresentation against M&T Bank, and Count One must be dismissed pursuant to Rule 12(b)(6).

**C. Count One sounds in fraud and fails to meet the heightened pleading standard under Rule 9(b).**

Count one is based on alleged "deception, fraud, false pretense, false promise and/or misrepresentations" and is therefore subject to the heightened pleading standard under Rule 9(b). [Compl. Count One, ¶2.] The purpose of the Rule 9(b) requirement that a plaintiff plead fraud with sufficient particularity is to "put the defendants on notice of the precise misconduct" which they are alleged to have committed. *Taggart v. Wells Fargo Home Mortg., Inc.*, 563 Fed.App'x 889, 892 (3d Cir. 2014). Plaintiff has failed to comply with the baseline-level of pleading required by law. The group pleading Plaintiff engages in is fatal to the fraud allegations in particular, as such allegations require a plaintiff to plead with sufficient particularity the fraudulent conduct in which any particular defendant is alleged to have engaged. Plaintiff also uses the "and/or" phrase multiple times, states "[a]lternatively, and or additionally," and uses similar vague, unclear statements in a flawed attempt to plead a claim against M&T Bank. These vague and conclusory allegations are not specific and not sufficiently particular to put M&T Bank on notice of the precise misconduct which it is alleged to have committed.

To sustain this claim sounding in fraud, Plaintiff must plead her allegations with sufficient particularity including the who, the what, the when, and the how. *Davis*, 2020 WL 3481782, *4; *Feingold*, 516 Fed.App'x, 226. Plaintiff does not plead any of these elements with any level of particularity, certainly not one sufficient to overcome a motion to dismiss. Plaintiff's group pleading renders the fraud claims deficient on it is own, as there is no "who" sufficiently pled. Because there is no "who," it is impossible to discern the *what*, the *when*, or the *how*. Plaintiff makes no attempt at pleading these elements, relying instead on wholly conclusory allegations which are not sufficient to withstand a motion to dismiss. As such, Count One must be dismissed as to M&T Bank under Rule 9(b).

### III.   COUNT TWO FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT OR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING.

#### A.   Plaintiff failed to allege that M&T Bank breached the Modification Agreement.

To sustain a claim for breach of contract, Plaintiff must plead: (1) the existence of a valid contract with plaintiff and defendant; (2) a breach of the contract by defendant; (3) performance by the plaintiff of his or her obligation under the contract; and (4) resulting damages. *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 275 F.Supp.2d 543, 566 (D.N.J. 2003). Further, under New Jersey law, a contract is only enforceable if it is 'sufficiently definite in its terms that the performance to be rendered by each party can be reasonably ascertained." *Oswell v. Morgan Stanley Dean Witter & Co., Inc.*, 2007 WL 1756027, *5 (D.N.J. 2007) (quoting *Saverese v. Pyrene Mfg. Co.*, 9 N.J. 595 599 (1952)).

As noted above, the group pleading is detrimental to this claim at the outset. While Plaintiff alleges that M&T Bank was a party to the Modification Agreement, Plaintiff fails to allege how M&T Bank breached the contract because Plaintiff, again, groups all Defendants together. M&T Bank cannot discern what its alleged breach of the Modification Agreement was due to the group

pleading, and to allegations that seemingly do not apply to it, such as billing practices. [Compl. Ex. B thereto, showing bills or invoices.] It cannot simply be assumed or concluded that M&T Bank breached a contract when Plaintiff attributes all alleged breaches and violations to "Defendants" as a group. A breach by one party does not imply a breach by any other party and Plaintiff fails to allege specifically that M&T Bank breached the Modification Agreement. "To adequately plead a breach of contract claim a 'plaintiff must … specifically identify the portions of the contract that were allegedly breached.'" *Accurate Abstracts, LLC v. Havas Edge, LLC*, 2015 WL 5996931, *3 (2015) (quoting *Faistl v. Energy Plus Holdings, LLC*, 2012 WL 3835815, *7 (D.N.J. 2012)). Plaintiff has failed to specifically identify the portions of the contract that M&T Bank allegedly breached, and therefore has failed to state a claim for breach of contract.

### B. Plaintiff's claim for breach of the covenant of good faith and fair dealing is based only in an alleged contract violation and therefore fails to state a claim.

Under New Jersey law, contracts contain an implied covenant of good faith and fair dealing which dictates that a party "cannot act in bad faith to interfere with the other's ability to enjoy the fruits of the contract." *Luongo v. Village Supermarket, Inc.*, 261 F.Sulpp.3d 520, 531 (D.N.J. 2017) (citing *Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396 (1997); *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 244 (2001)). To state a claim for breach of the covenant of good faith and fair dealing, a plaintiff must plead that (1) a contract exists between it and defendant; (2) plaintiff performed according to the terms of the contract; (3) the defendant acted in bad faith with the purpose of depriving plaintiff of rights or benefits due under the contract; and (4) defendant's actions caused damages. *Luongo*, 261 F.Supp. 3d at 532 (citing *TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, 2014 WL 3853900, *3 (D.N.J. 2014)).

Here, Count Two alleges violations of the Modification Agreement [Compl. Count Two, ¶ 9–10] and specifically then states that "[s]aid conduct has hereinbefore set forth also constituted a

violation of Defendants' implied covenant of good faith and fair dealing with the Plaintiff."
[Compl. Count Two, ¶11.] A mere alleged violation of a contract does not necessarily implicate
the covenant of good faith and fair dealing. Further, "[i]n New Jersey, a plaintiff cannot maintain
a claim for breach of the implied covenant of good faith and fair dealing when the conduct at issue
is governed by the terms of an express contract or the cause of action arises out of the same conduct
underlying the alleged breach of contract." *Kare Distribution, Inc. v. Jam Labels & Cards LLC*,
2012 WL 266386, *7 (D.N.J. 2012). Plaintiff here alleges that the covenant of good faith and fair
dealing was violated directly as a result of the alleged breaches of contract. [Compl. Count Two.]
This is insufficient to state a claim for breach of the covenant of good faith and fair dealing.

Plaintiff has failed to allege that M&T Bank breached the Modification Agreement and has
further failed to state a claim for breach of the covenant of good faith and fair dealing, as Plaintiff
has improperly relied upon the alleged breach of contract as basis for this violation. Because
Plaintiff has failed to state a claim for either of these causes of action, Count Two must be
dismissed as against M&T Bank.

## IV. COUNT THREE FAILS TO STATE A CLAIM FOR FRAUD INCLUDING UNDER THE CFA, AND FAILS TO MEET THE RULE 9(b) STANDARD.

### A. Plaintiff's common law fraud claim arises out of a contract and is barred by the Economic Loss Doctrine.

As with the tort claims in Count One, and as detailed in Section II.A, *supra*, the economic
loss rule bars recovery in tort for damages caused by a breach of contract. *Montclair*, 2012 WL
3647427, *4. The fraud alleged here arises out of the Modification Agreement. As explained in
detail above, an alleged duty or tortious conduct must be extrinsic to a contract in order for a
plaintiff to be able to plead tort alongside breach of contract. Here, plainly, that is not the case. As

such, the claim for common law fraud as against M&T Bank must be dismissed without leave to amend, as barred by the economic loss doctrine.

### B. Plaintiff fails to state a claim for fraud or violation of the CFA under Rule 12(b)(6).

Even if the fraud claim is not barred by the economic loss doctrine, which M&T Bank maintains it is, Plaintiff still has failed to plead common law fraud or a violation of the CFA. "Under New Jersey law, the five elements of fraud are: '(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'" *Boyko*, 2009 WL 5194425 (quoting *Gennari v. Weichert Co. Realtors*, 148 N.J. 582 (1997)). Count Three fails to plead these requisite elements of fraud against M&T Bank. Plaintiff does not plead that M&T Bank specifically made a material representation to her with knowledge of the falsity of that statement.

Further, Plaintiff does not specifically identify any actionable misrepresentation. Instead, Plaintiff sweepingly alleges that Defendants "[e]ngaged in a pattern of misconduct consisting of repeated misrepresentations concerning the quality and professionalism of their services." [Compl. Count Three, ¶17a.] Plaintiff continues, making various allegations regarding a false past-due status, violation of the Modification Agreement, and other events and actions which Plaintiff alleges occurred, or should have occurred but did not, after the execution of the Modification Agreement. [Compl. Count Three, ¶ 17.]

These allegations, that promises made in or around the Modification Agreement were not born out afterwards, are insufficient to satisfy even the first element of fraud, that there was a material misrepresentation of a *presently existing or past* fact. Under New Jersey law, "[s]tatements as to future or contingent events, as to expectations and probabilities, or as to what

will be or is intended to be done in the future, do not constitute misrepresentations even though they turn out to be false . . . ." *Angrisani v. Capital Access Network, Inc.*, 175 Fed.App'x 554, 556 (3d Cir. 2006) (citing *Middlesex County Sewerage Authority v. Borough of Middlesex*, 74 N.J.Super. 591, 605 (Law Div. 1962)). *See also*, *Lightning Lube Inc. v. Witco Corp.*, 4 F.3d 1153, 1186 (3d Cir. 1993) ("In order to be the basis for an action for fraud, however, the alleged misrepresentation cannot be predicated simply upon a promise to perform that subsequently is unfulfilled").

To state a claim under the CFA, a plaintiff must allege: (1) unlawful conduct by defendant; (2) ascertainable loss by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss. *Gray*, 2009 WL 1617930, *3 (citing *N.J. Citizen Action v .Schering-Plough Corp.*, 367 N.J.Super. 8, 12 (App. Div. 2003)). As just discussed, Plaintiff has failed to sufficiently allege unlawful conduct by M&T Bank and therefore has failed to state a claim under the CFA.

### C. Count Three fails to meet the heightened pleading standard for fraud under Rule 9(b).

As detailed above, claims sounding in fraud must meet a heightened pleading standard under Rule 9(b), by pleading fraud allegations with sufficient particularity including the who, the what, the when, and the how. *Davis*, 2020 WL 3481782, *4; *Feingold*, 516 Fed.App'x 226. Plaintiff wholly fails to meet this standard. Plaintiff's group pleading is particularly fatal to fraud claims, as it renders it impossible to discern the specific "who" and "what" as required under Rule 9(b). The entire purpose of the Rule 9(b) standard is to give a defendant a good indicator of what the alleged fraud was, such that the defendant can properly address such claim and defend itself. Here, M&T Bank has no knowledge as to what conduct, act, or omission Plaintiff is attributing to it. Plaintiff has failed to put M&T Bank on notice of the specific fraud it allegedly committed, and has not provided any facts or details which would indicate to M&T Bank what actions, statements,

or other conduct it should investigate and address. As such, Count Three for fraud and violations of the CFA falls woefully short of the heightened pleading standard under Rule 9(b) and must be dismissed as to M&T Bank.

## V.    PLAINTIFF FAILS TO STATE A CLAIM UNDER TILA AND RESPA.

### A. Plaintiff fails to state a claim under TILA against M&T.

Plaintiff alleges unspecific violations of TILA under 15 U.S.C. §§ 1639(f) and 1638(f). At the outset, M&T Bank must note that § 1639(f) is not what Plaintiff describes it to be in the Complaint. Paragraph P1 of the Complaint alleges that section requires prompt crediting of periodic payments from borrowers. In actuality, § 1639(f) prohibits negative amortization. For purposes of this Motion, M&T Bank presumes that Plaintiff intended to plead a violation of § 1639f, a distinct and separate provision of TILA. M&T Bank reserves the right to address any claims of a violation of § 1639(f) in the future.

This presumption, however, does not rectify the deficient Complaint, as Plaintiff has not stated a claim against M&T Bank as under § 1639f. Specifically, that section imposes requirements on servicers of a residential mortgage. 15 U.S.C. § 1639f(a). Plaintiff has not alleged that M&T Bank is or was the servicer of the Loan. Plaintiff has also failed to allege that M&T Bank is liable for the conduct of any servicer. Similarly, under § 1638(f), Plaintiff has not alleged that M&T Bank was required and did fail to properly send correct periodic mortgage statements. Plaintiff's group pleading is again detrimental to these allegations, as TILA imposes specific requirements and liability only on certain parties and conduct. Plaintiff has not sufficiently alleged what role M&T Bank played in the transaction(s) and event(s), nor what conduct is directly attributable to it. For these reasons, Plaintiff has failed to state a cause of action under TILA against M&T Bank.

**B. Plaintiff has not sufficiently pled any RESPA claim against M&T Bank.**

Plaintiff alleges that "Defendants" violated provisions of RESPA, specifically: Sections 2605(g), 2609(c)(2), 2609(a), and 2605(f), pursuant to Section 2614. Plaintiff, however, does not make sufficient factual allegations to support any of the claimed violations.

Section 2614 only expressly provides a private right of action for consumers to bring actions under Sections 2605, 2607, and 2608. 12 U.S.C. § 2614. There is no private right of action under Section 2609. 12 U.S.C. § 2614; *Kasolas v. Urban Trust Bank*, 2013 WL 323380, *2 (D.N.J. 2013) ("the Court finds that RESPA does not create a private federal cause of action for violations of § 2609"). As such, the claims for violations of Sections 2609(c)(2) and 2609(a) must be dismissed as to M&T Bank and without leave to amend. Any amendment would be futile as there is no manner in which Plaintiff could amend the Complaint to bring a valid cause of action under § 2609.

Plaintiff recites the statutory language in Sections 2605(e), 2605(f), and 2605(g), and alleges those sections were violated by "Defendants" "failing to properly apply payments made and accepted," without specifying which Defendant was responsible for this conduct. Plaintiff in fact provides zero factual allegations to actually support the bald, conclusory statutory recitations. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to state a cause of action. *Iqbal*, 556 U.S. 678. Further, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Here, Plaintiff's allegations are nothing more than threadbare recitals of statutory language and self-serving legal conclusions masquerading as factual allegations. This is wholly insufficient to stat a claim under RESPA Section 2605(e)–(g).

Section 2605(e) contains a number of sub-parts and sub-sub-parts, yet Plaintiff cites to none of these. Absent dismissal, M&T Bank will be forced to attempt to discern what Plaintiff meant to plead, or wishes she pled. Plaintiff appears to allege a violation of notice of error provisions. She alleges she made "repeated requests and demands to investigate" the alleged issues with her mortgage loan. Plaintiff does not allege what form these requests were in, when they were made, to whom they were made, or the content of the request, nor does she attach any communications or documents supporting this assertion. Plaintiff does not allege that any notice of error was even sent, nor that a response was either not given or was insufficient, or any other indicia of how M&T Bank allegedly violated this provision. *See, e.g.*, *Schepisi v. Santander Bank, N.A.*, 2019 WL 699959 (D.N.J. 2019) (finding that the plaintiff failed to state a claim under 12 U.S.C. § 2605(e) or 12 CFR 1024.35 because "the Complaint contains no allegations that Plaintiffs sent a [notice of error] to Defendants at any time, nor allegations when or how Defendants responded").

Additionally, if Plaintiff intends to allege a violation of qualified written request ("**QWR**") procedures, which is unclear, Plaintiff has also failed to plead that. "To stat a claim for failure to respond to an information request, a plaintiff must plead sufficient facts 'support[ing] the reasonable inference that' the plaintiff sent a QWR to the defendant as described in 12 U.S.C. § 2605(e)(1)(B)(ii)." *Herrera v. Central Loan Administration & Reporting*, 2017 WL 4548268, *2 (D.N.J. 2017) (*quoting Tredo v. Ocwen Loan Servicing, LLC*, 2014 WL 5092741, *9 (D.N.J. 2014)). Plaintiff fails to plead any facts to support this claim and the allegations against M&T Bank for violations of same must be dismissed.

Plaintiff also alleges that "Defendants" violated 12 CFR Section 1024.41, which imposes a duty to assist with loss mitigation.  [Compl. ¶ R3.] In fact, Plaintiff alleges that "Defendants" did

assist her in loss mitigation because the result was the Modification Agreement. Beyond that, Plaintiff does not allege that she attempted to obtain further or additional or separate assistance from M&T Bank specifically or directly, or that she submitted a loss mitigation application. *See, e.g., Grembowiec v. Select Portfolio Servicing, Inc.*, 2019 Wl 3183588, *2 (D.N.J. 2019) (listing reasons why the pleading was sufficient including that the plaintiff alleged she submitted an application and that there was an insufficient response). Rather, as in *Schepisi*, Plaintiff offers "little more than a summary of possible violations of Section 1024.41 that a servicer may commit." *Schepisi*, 2019 WL 699959, *4. Plaintiff does not allege she ever even submitted a loss mitigation application M&T Bank and this claim similarly fails.

Plaintiff also alleges that "Defendants did violate . . . 12 USC Sec 2605(g)," which imposes certain duties regarding escrow accounts and payments. [Compl. ¶ P3.] The only allegation made to support this claim is that "[t]he conduct of the Defendants in violating the [Modification Agreement] and in improperly servicing the Plaintiff's Loan . . . did prevent the proper handling and account of the escrow account of said Loan." [Compl. ¶ N.] Plaintiff does not allege, or offer facts to support such allegation, that M&T Bank failed to make timely escrow disbursements, or that she was damaged as a result of any alleged violation of this section. The threadbare allegation that M&T Bank allegedly violated this provision is insufficient to state a claim.

Plaintiff also alleges that the conduct described demonstrates "a 'pattern or practice' of non- compliance [sic] with the Real Estate Settlement and Procedures Act (RESPA) Regulation X for which liability may be imposed . . . 16 U.S.C Sec 1640(a)." [Compl. ¶ T.] Section 1640(a), however, is part of TILA and therefore cannot impose liability under RESPA.

## **CONCLUSION**

Plaintiff's Complaint is so incoherent and incomprehensible, largely due to Plaintiff's improper group pleading, that M&T Bank can hardly determine what allegations are asserted against it by Plaintiff. Save for the factual allegation concerning the literal execution of the Modification Agreement, the Complaint is wholly devoid of any facts whatsoever, much less any facts which could support Plaintiff's causes of action. The group pleading alone is fatal to Plaintiff's Complaint, as it does not specify what conduct or liability is attributable to which Defendant, and falls woefully short of the pleading standard under Rule 8(a). Count One further fails to state a claim for the torts alleged therein and fails to meet the heightened pleading standard for claims sounding in fraud. Count Two fails to sufficiently allege that M&T Bank breached the Modification Agreement, and fails to state a claim for violation of the covenant of good faith and fair dealing. Count Three fails to state a claim for fraud and wholly fails to meet the Rule 9(b) standard for pleading fraud. Finally, the Complaint fails to state any claim against M&T Bank under TILA and RESPA, as Plaintiff does nothing more than recite the statutory provisions verbatim and baldly conclude that they were violated. For all these reasons, M&T Bank respectfully submits that the Complaint as a whole, and each individual cause of action, must be dismissed against M&T Bank.

Dated: March 8, 2021

Respectfully submitted,

POLSINELLI PC

By: */s/ Morgan C. Fiander*
Morgan C. Fiander, Esq.
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 413-2838
mfiander@polsinelli.com

*Attorneys for Defendant M&T Bank*

18

77011466