**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PSAHAY N. MARSHALL,<br><br>              Plaintiff,<br><br>    v.<br><br>MANUFACTURERS TRADERS AND TRUST COMPANY a/k/a M&T BANK, CENTRAL LOAN ADMINISTRATION AND REPORTING a/k/a CENLAR, and HOMEBRIDGE FINANCIAL SERVICE INC a/k/a HOMEBRIDGE,<br><br>              Defendants. | Civil Action No. 20-19421 (JXN)(JRA)<br><br><br>**OPINION** |

**NEALS**, District Judge

This matter is before the Court on motions to dismiss filed by Defendants Cenlar FSB, incorrectly named as Central Loan Administration and Reporting a/k/a Cenlar ("Cenlar"), Homebridge Financial Services, Inc., incorrectly named as Homebridge Financial Service Inc., a/k/a Homebridge ("Homebridge"), (ECF No. 15), and Manufacturers Traders and Trust Company ("M&T Bank"), (ECF No. 21), (Cenlar, Homebridge, and M&T Bank are collectively referred to as "Defendants"). Plaintiff Psahay N. Marshall ("Marshall" or "Plaintiff") opposed the motions (ECF Nos. 19, 23). Replies in further support were filed by Defendants Cenlar and Homebridge (ECF No. 20) and M&T Bank (ECF No. 24). The Court has jurisdiction over Count Four pursuant to 28 U.S.C. § 1331 and over the remaining claims pursuant to 28 U.S.C. § 1367(a). The Court has reviewed the parties' submissions and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motions to dismiss are **GRANTED**.

1

I.    **BACKGROUND**[1]

According to the Complaint, Plaintiff executed a mortgage note secured by her residence. (Complaint ("Compl."), ¶ 2A, ECF No. 1.) Plaintiff defaulted on her loan, and foreclosure proceedings were forthcoming. (*Id*.) "Defendants were the owners and/or servicers of the Note/Mortgage…" (Compl. ¶ 1E.) Plaintiff alleges that she advised Defendants of her intentions to pursue loss mitigation through a loan modification application. (Compl. ¶ 2B.) Plaintiff applied for loss mitigation relief, which resulted in a formal Loan Modification Agreement, dated June 12, 2018, between Plaintiff and M&T Bank (the "Modification Agreement"). (Compl. ¶¶ 2C–2E, Ex. A., ECF No. 1-1) Plaintiff alleges that "it was represented and agreed that the implementation of the terms and the servicing of the Modification Agreement would be performed by all Defendants, individually and/or jointly. (Compl. ¶ 2F.)

Plaintiff "attempted to comply with her obligations and made monthly mortgage payments post the Modification [Agreement] date which were accepted and retained by the Defendants." (Compl. ¶ 2J.) Plaintiff alleges, however, that "in breach and violation of [the] Modification Agreement and servicing representations, [] Defendants refused to implement, process and apply the terms of the Modification of the subject Loan." (Compl. ¶2G.) Specifically, Plaintiff claims Defendants failed to modify the principal outstanding balance and the periodic billing "instead, [they] improperly and illegally adher[ed] to the terms and billing amounts as the same existed prior to [the] Modification [Agreement]." (*Id*.) As of July 1, 2018, the amount payable under the Note and the Security Instrument was $299,607.39, consisting of the unpaid amount(s) plus any interest and other amounts capitalized. (Compl. ¶ 2H, Ex. A.) Attached to Plaintiff's Complaint is a sample

---

[1] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

statement issued by Defendants post the Modification Agreement, from September 17, 2018, to January 17, 2020, which Plaintiff claims "wrongfully reflect[s] the outstanding principal balance to be $337,470.26 - $336,989.87." (Compl. ¶ 2I, Ex. B, ECF No. 1-2.) Plaintiff avers that Defendants violated the Modification Agreement and improperly serviced Plaintiff's loan by failing to debit her account properly and instead placing her payments into an "Unapplied Funds" account, with said sums growing in total from $7873.37 to $26,168.43. (Compl. ¶ 2K.) Plaintiff claims that Defendants' conduct resulted in a "false past-due status" of her loans, leading to wrongful accusations of delinquency, default, and threat of foreclosure. (Compl. ¶ 2L.) Plaintiff asserts she made repeated requests and demands to investigate and correct Defendants' misconduct and to correct and restore her account in accordance with the terms of the Modification Agreement to account for and apply payments made properly, however, her demands were repeatedly ignored. (Compl. ¶ 2Q.)

On December 12, 2020, Plaintiff filed a four-count Complaint against Defendants alleging: (1) Common Law Negligence and/or Reckless Indifference and/or Intentional Misrepresentation (Count One); (2) Breach Of Contract and Breach of Covenants of Good Faith and Fair Dealing (Count Two); (3) Common Law Fraud and/or violation of the New Jersey Consumer Fraud Act (Count Three); and (4) violations of the Truth-in-Lending Act and Real Estate Settlement and Procedures Act (Count Four). (*See* Compl., at 8-17.)[2] Plaintiff claims that Defendants breached the Loan Modification Agreement and servicing representations by refusing to implement, process, and apply the terms of the Modification of the subject Loan. (Compl. ¶ 2G.) Specifically, Plaintiff claims that Defendants failed to modify the principal outstanding balance of the periodic billing as agreed – instead, Defendants improperly adhered to the terms and billing amounts as they existed

---

[2] The Court cites to the CM/ECF header page numbers.

prior to Modification. (Compl. ¶ 2H-I; *see* Ex. A; *see also* Ex. B.) Plaintiff claims that by failing

to apply payments made and accepted properly, Defendants (1) created a false past-due status of

Plaintiff's loans, leading to wrongful accusations of delinquency, default and threat of foreclosure

(Compl. ¶ 2L); (2) caused excessive charges of accrued interest, late fees and penalties (Compl. ¶

2M); (3) prevented the proper handling and accounting of the escrow account of said Loan (Compl.

¶ 2N); and (4) wrongfully reported that Plaintiff was in arrears and/or inaccurately reported the

status of Plaintiff's loan with respect to balance due, and/or otherwise in a negative manner

(Compl. ¶ 2O).

On February 18, 2021, Cenlar and Homebridge moved to dismiss Plaintiff's Complaint.

(ECF No. 15.) M&T Bank filed a separate motion to dismiss on March 18, 2021. (ECF No. 21.)

Plaintiff opposed the motions (ECF Nos. 19, 23), and Defendants replied in further support (ECF

Nos. 20, 24).[3]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8(a)(2) requires a complaint to set forth a "short

and plain statement of the claim showing that a pleader is entitled to relief." This short and plain

statement must "give the defendant fair notice of what the ... claim is and the grounds upon which

it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The pleading standard under Rule 8 requires "more than an unadorned, the-defendant-unlawfully-

harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868

(2009).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine

---

[3] The cases were reassigned to the undersigned on July 9, 2021. (ECF No. 25.)

whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."

*Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted); *Dillin v. Constr. & Turnaround Servs., LLC*, No. 14-8124, 2015 WL 5545236, at *2-3, 2015 U.S. Dist. LEXIS 124873 at *7-8 (D.N.J. Sept. 18, 2015). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555. But conclusory or bare-bones allegations will not do. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). *Iqbal* held, "to survive a motion to dismiss, a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Id*. at 678, 129 S. Ct. 1937 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the standard).

## III.    DISCUSSION

### A.  Plaintiff's Federal Claims

Plaintiff's Complaint asserts claims under the Truth-in-Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*., and the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §§ 2601 *et seq*. (*See* Compl. ¶¶ 1F, 21-28.) Plaintiff fails to state a claim under either statute.

> 1.  Plaintiff's Group Pleading is Fatal to the Complaint and Fails to Satisfy the Pleading Standard of Rule 8(a)

Preliminarily, the Complaint fails to meet the requirements of notice pleading under Rule 8(a)(2) as Plaintiff fails to separate liability for each named defendant.

Rule 8(a)(2) requires that a complaint set forth claims with enough specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The complaint must contain "sufficient facts to put the proper defendants on notice so they can frame an answer" to the plaintiff's allegations. *Dist. Council 47, Am. Fed'n of State, Cty.*

*& Mun. Emps., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986). Importantly, a

plaintiff must "specify which defendants performed which acts." *Zuniga v. Am. Home Mortg.*, No.

14-2973, 2016 WL 886214, at *2 (D.N.J. Mar. 7, 2016).

Here, the Court finds that the Complaint fails to state any of the three Defendants'

misconduct with enough specificity to allow the Court to "draw the reasonable inference that the

defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.

Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see also Twombly*, 550 U.S. at 555 ("Factual allegations

must be enough to raise a right to relief above the speculative level . . ." (internal citations

omitted)). Instead, Plaintiff's Complaint is replete with group pleading, i.e., referring to all three

distinct Defendants together as one. Specifically, the Complaint refers to actions taken by

"Defendant" or "Defendants" interchangeably, without specifying which named defendant or

defendants undertook which action. For example, in the Complaint, Plaintiff alleges that

> At all times relevant and material hereto, the Defendants were the owners and/or
> servicers of the Note/Mortgage referenced here in (sic), or, alternatively was the
> servicer of the Note/Mortgage referenced here in (sic), charged with the
> responsibility of servicing, managing, maintaining, processing loss mitigation
> applications and doing all acts necessary to handle the Note/Mortgage in
> accordance with applicable State and Federal regulations, acting at all times did act
> on their own individual behalf and as agents, servants, workmen and/or employees
> of the owner of the Note/Mortgage and of each other.

(Compl. ¶ 1E.)  Plaintiff's Complaint makes no distinction, however, between the alleged wrongs

committed by the creditor defendant(s) ("the owners and/or services") and the servicer

defendant(s) (*See generally* Compl.) Thus, it is entirely unclear which "Defendant" or

"Defendants" are allegedly liable for specific acts under any federal claim. In fact, the Complaint

provides no specific factual allegations of any acts undertaken by any Defendant that connects

them to Plaintiff's alleged injuries, much less that would give rise to a plausible claim for relief.

(*See generally id*.) Instead, Plaintiff summarily asserts that "Defendant" or "Defendants" are liable

for each cause of action, with the Court left to speculate and interpret Plaintiff's Complaint. (*See generally id*.)  Because such a vague group pleading "undermines the notice pleading regime of Rule 8," *Japhet v. Francis E. Parker Mem'l Home, Inc*., No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014), the Complaint must be dismissed as it simply fails to place every named defendant on notice of the claims against each of them. *See, e.g., Ingris v. Borough of Caldwell*, No. 14-0855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Japhet*, 2014 WL 3809173, at *2 ("Alleging that 'Defendants' undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom [and] when. Such speculation is anathema to contemporary pleading standards."); *Shaw v. Housing Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (dismissing complaint because it failed to allege which defendant was liable, noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants."). Accordingly, because Plaintiff names three defendants in the Complaint but fails to establish which defendants committed the alleged federal violations under TILA and RESPA, the Court, therefore, finds that Plaintiff has failed to satisfy the notice requirement of Rule 8(a)(2), which warrants dismissal of the Complaint in its entirety.[4]

### 2. Plaintiff's Claims under the TILA

Plaintiff claims that by breaching the Modification Agreement and improperly servicing the Plaintiff's Loan, Defendants violated 15 USC §§ 1938(f) and 1639(f) and the relevant

---

[4] Because the Court dismisses all claims for failure to properly plead under Rule 8(a), it need not consider additional grounds for dismissal raised by Defendants.

provisions under Regulation Z. (*See* Compl., ¶ 2P1-2.) Plaintiff also cites a 12 CFR Section 1026.13 violation but does not cite the corresponding TILA section. (*See* Compl. ¶ 2Q1.)

TILA is a "federal consumer protection statute intended to promote the informed use of credit by requiring certain uniform disclosures from creditors." *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig*., 418 F.3d 277, 303 (3d Cir. 2005).  To state a claim for a TILA violation, a plaintiff must state "with requisite specificity which charges and fees were not properly disclosed and why certain charges and fees are not bona fide and are unreasonable in amount." *Payan v. GreenPoint Mortg. Funding, Inc*., 681 F. Supp. 2d 564 (D.N.J. 2010).

Here, Plaintiff's Complaint lacks the factual basis to support a claim under TILA.  Plaintiff does not allege that the Modification Agreement at issue included any misleading disclosures or statements or that it was missing the required disclosures. Further, Plaintiff does not allege that Defendants were required and failed to send correct periodic mortgage statements. Moreover, Plaintiff's group pleading is again detrimental to its allegations, as TILA imposes specific requirements and liability only on certain parties and conduct. Plaintiff has not sufficiently alleged what role Homebridge, Cenlar, or M&T Bank played in the transaction(s) and event(s), nor what conduct is directly attributable to each. Even construing the TILA liberally in favor of the consumer, *see Ramadan v. Chase Manhattan Corp*., 156 F.3d 499, 502 (3d Cir. 1998), the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Plaintiff's TILA claim in Count Four is dismissed without prejudice.

3.   Plaintiff's Claims under RESPA

Plaintiff alleges that "Defendants" violated provisions of RESPA, specifically Sections

2605(g), 2609(c)(2), 2609(a), and 2605(f), under Section 2614. (*See* Compl. ¶¶ 2P-V.)  Plaintiff,

however, does not make sufficient factual allegations to support any of the claimed violations.

Enacted by Congress in 1975, RESPA "is a consumer protection statute that regulates the

real estate settlement process, including servicing of loans and assignment of those loans, and

imposes duties on lenders and loan servicers." *Gunn v. First Am. Fin. Corp.*, No. CV 13-174-RGA,

2014 WL 2445750, at *3 (D. Del. May 30, 2014). Regulation X is RESPA's implementing

regulation. 12 C.F.R. §§ 1024.1-1024.41. RESPA was intended to provide homebuyers and sellers

with improved disclosures of settlement costs and to eliminate abusive practices in the real estate

settlement process. *See* 12 U.S.C. § 2601, *et seq.*

To bring a claim under RESPA, "a plaintiff must identify a violation of one of the statute's

obligations and then assert either actual damages or a pattern or practice of

noncompliance." *Herrera v. Cent. Loan Admin. & Reporting*, No. 17-4774, 2017 WL 4548268, at

*2 (D.N.J. Oct. 12, 2017); *see also Hager v. CitiMortgage, Inc.*, No. 16-3348, 2017 WL 751422,

at *4 (D.N.J. Feb. 27, 2017). "Additionally, when basing a claim on actual damages, the borrower

has the responsibility to present specific evidence to establish a causal link between the financing

institution's violation and their injuries." *Giordano v. MGC Mortg., Inc.*, 160 F. Supp. 3d 778, 781

(D.N.J. 2016) (internal quotation marks and citation omitted).

Section 2614 provides a private right of action for consumers to bring actions under

Sections 2605, 2607, and 2608. 12 U.S.C. § 2614. There is no private right of action under Section

2609. 12 U.S.C. § 2614; *Kasolas v. Urban Trust Bank*, 2013 WL 3223380, *2 (D.N.J. 2013) ("the

Court finds that RESPA does not create a private federal cause of action for violations of § 2609").

As such, Plaintiff's claims for violations of Section 2609(c)(2) and 2609(a) against Defendants are dismissed, and without leave to amend as there is no manner in which Plaintiff could amend the Complaint to bring a valid cause of action under § 2609.

Next, Plaintiff does not make sufficient factual allegations to support any of the claimed violations of RESPA Sections 2605(e), 2605(f), and 2605(g), and instead, Plaintiff merely asserts in a conclusory manner that "by breaching the Loan Modification Agreement and in improperly servicing the Plaintiff's Loan by, inter alia, failing to properly apply payments made and accepted, Defendants did violate applicable statutory laws and regulations[.]" (Compl. ¶ 2P.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to state a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, the Court cannot determine whether RESPA applies to the instant matter because Plaintiff fails to allege any facts detailing the communications made to Defendants regarding the Modification Agreement. *See Hager*, 2017 WL 751422, at *5 ("[I]n order to trigger the RESPA obligations of a loan servicer," a QWR[5] "must be written, must include information identifying the name and account of the borrower, must either state the reasons for the belief of the borrower that the account is in error or provide sufficient detail regarding other information sought by the borrower, and must 'relat[e] to the servicing of [the borrower's] loan.'" (quoting 12 U.S.C. § 2605(e)(1)(A)-(B)); *see also Mercado v. Bank of Am., N.A.*, No. 12-1123, 2012 WL 5629749, at *6 (D.N.J. Nov. 15, 2012) (finding plaintiff's RESPA claim conclusory because "there [was] no indication that [plaintiff's] communication with Bank of America constituted a qualified written request under 12 U.S.C. § 2605(e)(1)(A)").

---

[5] A qualified written request.

Plaintiff also alleges that Defendants violated 12 CFR Section 1024.41, which imposes a duty to assist with loss mitigation. (Compl. ¶ 2R3.) In the Complaint, Plaintiff claims that she advised Defendants of her intentions to pursue loss mitigation through a loan modification application, and Defendants offered to assist, resulting in the June 12, 2018 Modification Agreement between Plaintiff and M&T Bank. (Compl. ¶ 2B-E.) Beyond that, Plaintiff does not allege that she attempted to obtain further or additional or separate assistance from Homebridge, Cenlar, or M&T Bank or that she actually filed a loss mitigation application. *See, e.g., Grembowiec v. Select Portfolio Servicing, Inc.*, 2019 WL 3183588, *2 (D.N.J. 2019) (listing reasons why the pleading was sufficient including that the plaintiff alleged she submitted an application and that there was an insufficient response). Rather, Plaintiff offers "little more than a summary of possible violations of Section 1024.41 that a servicer may commit." *Schepisi v. Santander Bank, N.A.*, No. CV 18-15006 (JLL), 2019 WL 699959 *4 (D.N.J. Feb. 20, 2019). Plaintiff does not allege that she ever filed a loss mitigation application with Defendants; thus, this claim also fails.

Lastly, as to Plaintiff's allegation that Defendants violated Section 2605(g), which imposes certain duties regarding escrow accounts and payments. (Compl. ¶ 2P3.) The only allegation made to support this claim is that "[t]he conduct of the Defendants in violating the [] Modification Agreement and in improperly servicing the Plaintiff's Loan…did prevent the proper handling and account of the escrow account of said Loan." (Compl. ¶ 2N.) Plaintiff does not allege or offer facts to support such allegation of any alleged violation of Section 2605(g). Again, the Court finds that Plaintiff's conclusory allegations that Defendants violated this provision are insufficient to state a claim.

For the reasons stated above, Plaintiff's claims for violations of Sections 2609(c)(2) and 2609(a) are dismissed with prejudice as there is no manner in which Plaintiff could amend the

Complaint to bring a valid cause of action under § 2609. Plaintiff's remaining RESPA claims in Count Four are dismissed without prejudice.

### B.  Plaintiff's State Law Claims

Having disposed of all Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). If Plaintiff amends the Complaint to state viable federal claims, then the Court will entertain Defendants' motions to dismiss Plaintiff's state law claims.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (ECF Nos. 15, 21) are **GRANTED**. Plaintiff's claims for violations of Sections 2609(c)(2) and 2609(a) of RESPA in Count Four are **DISMISSED with prejudice.** Plaintiff's remaining claims under RESPA and TILA in Count Four are **DISMISSED without prejudice**. An appropriate Form of Order accompanies this Opinion.

    **s/ Julien Xavier Neals**
**JULIEN XAVIER NEALS**
**United States District Judge**
**Dated:  9/12/2023**
